IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Mario Hallom, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| -vs- | ) | No. 18-cv-____ |
| | ) | |
| City of Chicago and Chicago Police | ) | *(jury demand)* |
| Officers Israel Gomez, Louis | ) | |
| Moore, and Jeff Chevalier, | ) | |
| | ) | |
| *Defendants*. | ) | |

# COMPLAINT

Plaintiff, by counsel, alleges as follows:

1. This is a civil action arising under 42 U.S.C. § 1983. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1343 and § 1367.

2. Plaintiff Mario Hallom is a resident of the Northern District of Illinois.

3. Defendants Chicago Police Officers Israel Gomez, Louis Moore, and Jeff Chevalier were, at all times relevant, acting under color of their offices as Chicago police officers.

4. Defendant City of Chicago is an Illinois municipal corporation.

5. On June 10, 2013, defendants Gomez and Moore, after trying to kill plaintiff with their firearms, arrested plaintiff. Plaintiff does not assert a claim of false arrest or excessive force.

6. Defendants Gomez, Moore, and Chevalier conspired, confederated, and agreed to frame plaintiff for criminal offenses to cover up the wrongful conduct of defendants Gomez and Moore.

7. In furtherance of this conspiracy, defendants Gomez and Moore concocted the false story that they had observed plaintiff point a handgun at them.

8. Also in furtherance of this conspiracy, defendant Chevalier claimed to have found a handgun that defendants Gomez and Moore asserted was the weapon plaintiff had pointed at them. DNA evidence subsequently established that plaintiff had not touched that firearm.

9. Defendants Gomez, Moore, and Chevalier published this fabricated story in official police reports and in criminal complaints and communicated it to prosecutors.

10. The above described wrongful conduct of defendants Gomez, Moore, and Chevalier caused plaintiff to be held in custody at the Cook County Jail until March 12, 2018 when he was exonerated at trial.

11. At all times relevant, the City of Chicago has known and has encouraged a "code of silence" among its police officers.

12. As summarized by the United States Department of Justice in its official report entitled "Investigation of the Chicago Police Department," January 13, 2017, at 75:

   a. "One way to cover up police misconduct is when officers affirmatively lie about it or intentionally omit material facts."

   b. "The Mayor has acknowledged that a 'code of silence' exists within CPD, and his opinion is shared by current officers and former high-level CPD officials interviewed during our investigation."

   c. "Indeed, in an interview made public in December 2016, the President of the police officer's union admitted to such a code of silence within CPD, saying 'there's a code of silence everywhere, everybody has it . . . so why would the [Chicago Police] be any different.'"

13. The United States Department of Justice concluded that "a code of silence exists, and officers and community members know it." Report at 75.

14. The City's above described "code of silence" was a proximate cause for the actions of defendants Gomez, Moore, and Chevalier to concoct a false story and fabricate evidence.

15. As a result of the foregoing, plaintiff was deprived of rights secured by the Fourth and Fourteenth Amendments to the Constitution of the United States.

16. The above described acts constitute the Illinois tort of malicious prosecution for which the City of Chicago is responsible under the doctrine of respondeat superior.

17. Plaintiff hereby demands trial by jury.

WHEREFORE plaintiff requests that appropriate compensatory and punitive damages be awarded against defendants Gomez, Moore, and Chevalier, that appropriate compensatory damages only be awarded against defendant City of Chicago, and that the Court grant reasonable fees and costs.

/s/ Kenneth N. Flaxman
Kenneth N. Flaxman
ARDC No. 830399
Joel A. Flaxman
200 S Michigan Ave Ste 201
Chicago, IL 60604-2430
(312) 427-3200
*Attorneys for Plaintiff*