UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARIO HALLOM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:18 C 4856 |
| ) | Hon. Marvin E. Aspen |
| CITY OF CHICAGO, ISRAEL GOMEZ, ) | |
| JEFF CHEVALIER, and LOUIS MOORE, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

MARVIN E. ASPEN, District Judge:

Plaintiff Mario Hallom ("Hallom") brought a complaint against Defendants City of Chicago ("City") and Chicago Police Department ("CPD") Officers Israel Gomez, Louis Moore, and Jeff Chevalier ("Officers"), in their individual and official capacities, pursuant to 42 U.S.C. § 1983. Hallom's complaint alleges that the Officers, pursuant to and encouraged by the City's widespread code of silence, fabricated evidence that caused him to be detained in violation of his Fourth and Fourteenth Amendment rights. (*See generally* Compl. (Dkt. No. 1).) Before us is Defendants' motion to dismiss Hallom's complaint, and Defendants' motion for a more definite statement. (Mot. (Dkt. No. 17); Mem. ISO Mot. (Dkt. No. 18).) For the reasons set forth below, we deny Defendants' motion for a more definite statement. We also grant Defendants' motion to dismiss Hallom's Fourteenth Amendment claims and deny Defendants' motion to dismiss Hallom's Fourth Amendment state-law claims.

**BACKGROUND**

The following facts are taken from the Plaintiff's complaint and are deemed true for the purposes of this motion. *See MCM Partners, Inc. v. Andrews-Bartlett & Assoc., Inc.*,

62 F.3d 967, 972 (7th Cir. 1995). Hallom alleges that on June 10, 2013, CPD Officers Gomez and Moore tried to kill him with their firearms, and ultimately arrested him. (Compl. ¶ 5.) Hallom claims that, upon arrest, Officers Gomez, Moore, and Chevalier conspired, confederated, and agreed to frame him for criminal offenses in order to conceal the alleged wrongful acts of Officers Gomez and Moore. (*Id.* ¶ 6.)

Hallom claims that Officers Gomez and Moore concocted a false story that they had observed Hallom point a handgun at the two Officers. (*Id.* ¶ 7.) Hallom also alleges that in furtherance of this conspiracy, Officer Chevalier claimed to have found the handgun Officers Gomez and Moore falsely identified as the weapon Hallom had pointed at them. (*Id.* ¶ 8.) Hallom claims the fabricated story was published in official police reports, published in criminal complaints and communicated to prosecutors. (*Id.* ¶ 9.) The above conduct led to Hallom's incarceration at the Cook County Jail until March 12, 2018, when Hallom was exonerated at trial. (*Id.* ¶ 10.) Hallom asserts that this is a result of a "code of silence" among the City's police officers and claims that this "code of silence" was a proximate cause for the Officers' actions. (*Id.* ¶¶ 11, 14.)

**LEGAL STANDARD**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is meant to test the sufficiency of the complaint, not to decide the merits of the case. *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). In evaluating a motion to dismiss, we must accept all well-pleaded allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002). A court may grant a motion to dismiss under Rule 12(b)(6) only if a complaint lacks enough facts "to state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*,

556 U.S. 662, 678, 129 S. Ct. 1937, 1949–50 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007)); *Killingsworth v. HSBC Bank Nev., N.A.*, 507 F.3d 614, 618–19 (7th Cir. 2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949. Although a facially plausible complaint need not give "detailed factual allegations," it must allege facts sufficient "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964–65. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949. These requirements ensure that the defendant receives "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964.

Rule 12(e) provides that "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. . . [and such a motion] must be made before filing a responsive pleading and must point out the defects complained of and the details desired." Fed. R. Civ. P. 12(e). Rule 12(e) motions are generally disfavored, so "courts should grant such motions only if the complaint is so unintelligible that the defendant cannot draft responsive pleading." *Sapia v. Bd. of Educ.*, 2018 WL 1565600, at *8 (N.D. Ill. Mar. 31, 2018) (quoting *Mission Measurement Corp. v. Blackbaud, Inc.*, 216 F. Supp. 3d 915, 917 (N.D. Ill. 2016) (internal quotations omitted)).

## ANALYSIS

**I. Motion for a More Definite Statement Pursuant to Rule 12(e)**

Defendants move for a more definite statement pursuant to Rule 12(e), requesting both clarification and dismissal of Hallom's complaint. Rule 12(e) "is designed to strike at unintelligibility rather than want of detail. If the pleading meets the requirements of Rule 8 . . . and fairly notifies the opposing party of the nature of the claim, a motion for a more definite statement should not be granted." *Flentye v. Kathrein*, 485 F. Supp. 2d 903, 911 (N.D. Ill. 2007); *see also* Fed. R. Civ. P. 8(a)(2) (a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief"). That is, we may only grant a Rule 12(e) motion "where the movant cannot reasonably be required to frame an answer or other responsive pleading to the pleading in question." Fed. R. Civ. P. 12(e) advisory committee's note to 1946 amendment.

Hallom's complaint cites to each of Defendants' alleged actions leading to a violation of his rights and names the pertinent parties and relevant dates and times of the occurrences. (*See generally* Compl.) *See, e.g.*, *Direct Comms., Inc. v. Horizon Retail Const., Inc.*, 387 F. Supp. 828, 833 (N.D. Ill. 2005); *Moore v. Fidelity Fin. Servs.*, 869 F. Supp. 557, 560 (N.D. Ill. 1994). Moreover, Defendants' motion and reply brief indicate that it is sufficiently aware of what alleged conduct is at issue. *See Zaragon Holdings, Inc. v. Indian Harbor Ins. Co.*, 2008 WL 1883472, at * 5 (N.D. Ill. Apr. 25, 2008) (considering the defendant's "motions and reply brief" in determining whether the plaintiff's complaint had "la[id] out the all the facts and conduct necessary for [the defendant] to form a responsive pleading"). Accordingly, we find that Hallom's complaint is not so unintelligible that Defendants could not frame a responsive pleading, and we deny Defendants' motion for a more definite statement.

## II. Motion to Dismiss Pursuant to 12(b)(6)

### A. Hallom's Fourteenth Amendment Claims

Hallom alleges that the Officers' conduct, fueled by the City's practice of a code of silence among its officers, resulted in violations of his Fourteenth Amendment Due Process rights. (Compl. ¶¶ 7, 9–10, 15.) As Hallom recognizes, (Mot. for Leave to File Additional Authority (Dkt. No. 41)), the Seventh Circuit recently held that "[t]he injury of wrongful pretrial detention may be remedied under § 1983 as a violation of the Fourth Amendment, not the Due Process Clause," *Lewis v. City of Chi.*, 914 F.3d 472, 479 (7th Cir. 2019). Hallom's claims are based on his wrongful pretrial detention, as opposed to a wrongful conviction. (*See* Compl. ¶ 10 ("The above described wrongful conduct of defendants Gomez, Moore, and Chevalier caused plaintiff to be held in custody at the Cook County Jail until March 12, 2018 when he was exonerated at trial.").) *See also Lewis*, 914 F.3d at 479 ("We close by noting the important point that a claim for wrongful pretrial detention based on fabricated evidence is distinct from a claim for wrongful *conviction* based on fabricated evidence."). We therefore grant Defendants' motion to dismiss Hallom's Section 1983 claims insofar as they are brought under the Fourteenth Amendment Due Process Clause.

### B. Hallom's Fourth Amendment Claims

#### i. *Statute of Limitations*

Defendants argue that Hallom's remaining Section 1983 claims are time-barred because they accrued on June 10, 2013—the date the Officers allegedly fabricated evidence and conspired to frame Hallom (*see* Compl. ¶¶ 6–7)—which is more than two years before he filed this lawsuit. (Mem. 7–11; Reply (Dkt. No. 36) at 4–5.) Dismissing a complaint as barred by the statute of limitations—an affirmative defense—is irregular, and we may do so only where "the

5

allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense." *United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005) (citing *Leavell v. Kieffer*, 189 F.3d 492, 495 (7th Cir. 1999)). "The limitations period for § 1983 claims is based in state law, and the statute of limitations for § 1983 actions in Illinois is two years." *O'Gorman v. City of Chi.*, 777 F.3d 885, 889 (7th Cir. 2015) (*Moore v. Burge*, 771 F.3d 444, 446 (7th Cir. 2014); *Wallace v. Kato*, 549 U.S. 384, 127 S. Ct. 1091 (2007)). We may therefore dismiss Hallom's claims as barred by the statute of limitations only if his complaint plainly establishes that they accrued before July 16, 2016, which is two years prior to the date he filed his complaint.

Hallom argues that his Fourth Amendment claims accrued when he was released from custody on March 12, 2018. (Resp. (Dkt. No. 25) at 8–9.) We agree. "The wrong of detention without probable cause continues for the duration of the detention. That's the principal reason why the claim accrues when the detention ends." *Manuel v. City of Joliet, Ill.*, 903 F.3d 667, 670 (7th Cir. 2018). Put another way, "a claim cannot accrue until the would-be plaintiff is entitled to sue, yet the existence of detention forbids a suit for damages contesting that detention's validity." *Lewis*, 914 F.3d at 478 (internal quotations omitted) (quoting *Manuel*, 903 F.3d at 670). Because Hallom's Section 1983 claims are based on his wrongful pretrial detention, they accrued on March 12, 2018, the day he was released from detention. We therefore deny Defendants' motion to dismiss Hallom's claims as untimely.

    ii.    *Conspiracy*

Defendants argue that Hallom's conspiracy claim fails in the absence of a constitutional deprivation necessary to establish a Section 1983 claim. (Mem. at 10; Reply at 4.) "To establish conspiracy liability in a Section 1983 claim, [Hallom] must show that (1) the individuals reached an agreement to deprive him of his constitutional rights, and (2) overt acts in furtherance [of the

conspiracy] actually deprived him of those rights." *Beaman v. Freesmeyer*, 776 F.3d 500, 510 (7th Cir. 2015). That is, "Section 1983 does not reach a conspiracy to deny a civil right in the absence of denial of such a right." *Archer v. Chisolm*, 870 F.3d 603, 320 (7th Cir. 2017) (citing *Goldschmidt v. Patchett*, 686 F.2d 582, 585 (7th Cir. 1992)); *see also Smith v. Gomez*, 550 F.3d 613, 617 (7th Cir. 2008) ("[C]onspiracy is not an independent basis of liability in § 1983 actions.").

Hallom has alleged that the Officers "conspired, confederated and agreed to frame [Hallom] for criminal offenses to cover up the wrongful conduct of defendants Gomez and Moore." (Compl. ¶ 6.) Hallom also alleges that the Officers took steps in furtherance of this agreement that actually did deprive him of his constitutional rights. The Officers, Hallom alleges, claimed "in official police reports and in criminal complaints and . . . to prosecutors" that Hallom had "point[ed] a handgun at them," and further that they "found a handgun that defendants Gomez and Moore asserted was the weapon plaintiff had pointed at them." (Compl. ¶¶ 7–9.) Hallom alleges that these actions resulted in his unconstitutional pretrial detention—and, indeed, Defendants do not seek to dismiss Hallom's Fourth Amendment unreasonable seizure claim. (*Id.* ¶¶ 10, 15; Reply at 4 ("To the extent Plaintiff is bringing a Fourth Amendment claim based on the absence of probable cause that would justify his detention (which is unclear from the face of his Complaint), defendants do not challenge that claim.").) Taking these allegations as true, we find that Hallom has sufficiently alleged that the Officers agreed to deprive him of his constitutional rights, and took steps in furtherance of that agreement that resulted in a constitutional violation, *i.e.* his wrongful pretrial detention. We therefore deny Defendants' motion to dismiss Hallom's conspiracy claim.

iii. *Section 1983 Liability Under* Monell

Defendants argue that Hallom's claim against the City must be dismissed because he has insufficiently pleaded that the City has an official policy or custom of a code of silence that proximately caused his alleged constitutional injuries. (Reply at 5–7.) "[T]he touchstone of [a Section] 1983 action against a government body is an allegation that official policy is responsible for a deprivation of rights protected by the Constitution . . . ." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690–91, 98 S. Ct. 2018, 2036 (1978). The City can be subject to Section 1983 liability under *Monell*, "if the unconstitutional act complained of is caused by: (1) an official policy adopted and promulgated by its officers; (2) a practice or custom that, although not officially authorized, is widespread and well settled; or (3) an official with final policy-making authority." *Thomas v. Cook Cty. Sheriff's Dep't*, 604 F.3d 293, 303 (7th Cir. 2009) (citing *Monell*, 436 U.S. at 690, 98 S. Ct. at 2036–36). "The critical question under *Monell* . . . is whether a municipal (or corporate) policy or custom gave rise to the harm (that is, caused it), or if instead the harm resulted from the acts of the entity's agents." *Glisson v. Ind. Dep't of Corr.*, 849 F.3d 372, 379 (7th Cir. 2017) (en banc).

Hallom has sufficiently pleaded a *Monell* claim against the City by alleging that it has a widespread practice or custom of covering up police misconduct and that this practice was the cause of his injuries. Hallom alleges that the City "has known and has encouraged a 'code of silence' among its police officers." (Compl. ¶ 11.) Citing a report from the Department of Justice, Hallom alleges that the City's code of silence is furthered by CPD police officers lying about police misconduct, or intentionally omitting material facts about police misconduct, to hide such misconduct. (Compl. ¶ 12(a).) Hallom alleges, again citing the report from the Department of Justice, that high-level CPD officials, current CPD officers, the City's Mayor, and the

8

president of the CPD officers' union all know of this practice. (*Id.* ¶¶ 12(b)–(c).) In addition to alleging his own injury—his wrongful pretrial detention—Hallom's allegations give rise to the reasonable inference that others have suffered similar injuries because of the City's alleged custom of covering up police misconduct with intentional lies or omissions concerning material facts. (Compl. ¶ 12(a).) *See Shields v. City of Chi.*, 2018 WL 1138553, at *4 (N.D. Ill. Mar. 2, 2018) (finding that the plaintiff's use of the Department of Justice Report to highlight CPD practices relevant to his claims created a "reasonable inference that he is not alone in suffering constitutional injuries resulting from this alleged practice or custom"). Ultimately, Hallom need not provide "evidentiary support" at this stage of his lawsuit. (Reply at 7.) Rather, all Hallom needs to do is allege facts sufficient for us to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1965–66). Hallom has plausibly alleged his Section 1983 claim against the City, and we therefore deny defendants' motion to dismiss that claim.

      iv.    *Hallom's State-Law Claims*

Finally, Defendants ask us to "decline to exercise supplemental jurisdiction over Plaintiff's state law claim for malicious prosecution" should we dismiss Hallom's federal claims. (Mem. at 11–12.) Because Hallom's Fourth Amendment claims remain, we retain supplemental jurisdiction over his state-law malicious prosecution claim.

## CONCLUSION

For the reasons set forth above, we deny Defendants' motion for a more definite statement. We grant Defendants' motion to dismiss Hallom's Fourteenth Amendment Due

Process claims, but otherwise deny Defendants' motion to dismiss for failure to state a claim. It is so ordered.

_____
Honorable Marvin E. Aspen
United States District Judge

Dated: April 22, 2019
Chicago, Illinois