IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARIO HALLOM,<br><br>   Plaintiff,<br><br> v.<br><br>CITY OF CHICAGO, and Chicago Police Officers Israel Gomez, Louis Moore, and Jeff Chevalier,<br><br>   Defendants. | No. 18 CV 4856<br><br>Judge Seeger<br><br>Jury Trial Demanded |

**MOTION TO EXTEND FACT DISCOVERY**

DEFENDANTS CITY OF CHICAGO, by its attorney, Mark A. Flessner, Corporation Counsel for the City of Chicago, ISRAEL GAMEZ, LOUIS MOORE, and JEFF CHEVALIER, by their attorneys, Nikoleta Lamprinakos and Hailey M. Golds of Robbins, Schwartz, Nicholas, Lifton & Taylor, Ltd., (collectively, "Defendants") hereby submit this Motion to Extend Fact Discovery.

1. Plaintiff claims that on June 10, 2013, Defendants Gamez and Moore falsely accused Plaintiff of pointing a handgun at them and then conspired with Defendant Chevalier to claim that Defendant Chevalier found that handgun. Plaintiff further claims that the City has a "code of silence" that caused the officers to create a false story and fabricate evidence. [Dkt. 1].

2. On October 28, 2019, the Court set a fact discovery deadline of February 28, 2020. [Dkt. 66].

3. Defendants expect the following to be completed by the current fact discovery deadline: a set of interrogatories served on plaintiff by defendant City of Chicago and the depositions of the three individual defendants.

4. However, a recent development has caused Defendants to seek an extension of the fact discovery deadline.

5. On Thursday, February 13, 2020, counsel for Defendant Officers obtained records from the trace of the handgun that was recovered at the scene of the incident at the heart of this complaint.

6. The trace showed that the handgun was owned by a Zachary L. Stoner, who, upon information and belief, is a deceased individual.

7. Based on records obtained through Facebook, Defendants believe that Mr. Stoner may be connected to Plaintiff and/or one of Plaintiff's relatives, Richard Hallom.

8. Counsel for Defendant Officers produced these records to all parties on Monday, February 17, 2020.

9. Because Plaintiff's claims rest largely on allegations that Defendant Officers fabricated seeing Plaintiff in possession of a firearm and falsely attempted to link it to him, Defendants would like to further explore the potential link between the owner of the weapon and Plaintiff or Plaintiff's relative.

10. In addition to seeking witnesses and documents to help determine the existence or strength of such a link, Defendants would seek to issue additional interrogatories, requests for production and requests to admit on Plaintiff on this subject. With the current close of discovery, such interrogatories, requests for production and requests to admit would be untimely.

11. Defendants would also seek leave of this Honorable Court to issue additional interrogatories pursuant to Federal Rule of Civil Procedure 33(a)(1). Defendants collectively originally served 24 interrogatories on Plaintiff, and Defendant City has served an additional six interrogatories by agreement with Plaintiff's counsel. Because Federal Rule 33(a)(1) allows a court to grant leave to serve additional interrogatories to the extent consistent with Rule 26(b)(1) and (2), Defendants respectfully request leave to propound no more than four additional interrogatories about the potential link between Mr. Stoner, Plaintiff and Richard Hallom.

12. At the February 18, 2020 status hearing, Defendants orally requested leave to extend fact discovery by an additional 30 days. Based on Plaintiff's counsel stating that they had not had adequate time to review the documents, this Court ordered Defendant Officers to file a motion requesting leave to extend fact discovery in order to give Plaintiff a chance to review and consider an objection to an extension.

13. This motion is not being made for the purposes of harassment or delay.

WHEREFORE, DEFENDANTS CITY OF CHICAGO, ISRAEL GAMEZ, LOUIS MOORE, and JEFF CHEVALIER request that this Court extend fact discovery by 30 days, to March 27, 2020, grant them leave to serve Plaintiff with up to four additional interrogatories, and grant any other relief that the Court deems appropriate.

Respectfully submitted,

CITY OF CHICAGO
Mark A. Flessner
Corporation Counsel for the City of Chicago

By: *s/Raoul Vertick Mowatt*
    Raoul Vertick Mowatt
    Assistant Corporation Counsel

          ISRAEL GAMEZ, LOUIS MOORE, JEFF CHEVALIER


          By:   *s/ Nikoleta Lamprinakos*
                Nikoleta Lamprinakos
                One of Their Attorneys


Nikoleta Lamprinakos (6274018) nlamprinakos@robbins-schwartz.com
Hailey M. Golds (6312907) hgolds@robbins-schwartz.com
Robbins, Schwartz, Nicholas, Lifton & Taylor, Ltd.
55 W. Monroe St., Suite 800
Chicago, IL 60603
312.332.7760
312.332.7768 – Facsimile

## **CERTIFICATE OF SERVICE BY ELECTRONIC MAILING**

      I hereby certify that I electronically filed the foregoing Defendants City of Chicago, Gamez, Moore and Chevalier's Motion to Dismiss Plaintiff's Complaint with the Clerk of the Court using the CM/ECF system on Thursday, February 20, 2020, which constitutes service all counsel of record, registered filing users, pursuant to Fed. R. Civ. P. 5(b)(2)(D) and L.R. 5.9.

                                    By:   s/ Nikoleta Lamprinakos
                                               Nikoleta Lamprinakos